Date signed December 08, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RADHIKA NATARAJ | : | Case No. 08-11724PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MRUTHYUNJAYA GONCHIGAR | : | |
| HEMANJANI GONCHIGAR | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 08-0430PM |
| | : | |
| RADHIKA NATARAJ | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is before the court for consideration of two Motions for Summary Judgment, one filed by the original Plaintiffs, Mruthyunjaya Gonchigar and Hemanjani Gonchigar, and the second by the United States Trustee, an intervening plaintiff.  The Amended Complaint filed March 20, 2009, is pleaded in four counts.  For the purposes of this decision, the court will consider only Count IV that seeks a denial of Debtor's discharge pursuant to § 727(a)(5) of the Bankruptcy Code, that provides:

> **11 U.S.C. § 727.  Discharge**
> (a) The court shall grant the debtor a discharge, unless--
> \*        \*        \*        \*        \*
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

As the Fourth Circuit instructs in the case of *Farouki v. Emirates Bank Int'l Ltd.*, 14 F.3d 244, 250 (CA4 1994), a party objecting need prove only one of the grounds for non-dischargeability under 11 U.S.C. § 727(a) to effect the denial of Debtor's request for discharge.  Proof of conduct satisfying any one of the subsections of Section 727(a) is enough.  The court will not deal with the issues raised in the remaining three Counts.

Summary judgment is appropriate when there is no genuine issue of material fact, given the party's burden of proof at trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  In determining whether the moving party has shown that there is no genuine issue of material fact, the court assesses the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party.  *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (CA4 1996).  But the non-moving party may not rely upon mere allegations to defeat a well-filed motion, rather the response must, with affidavits or other verified evidence, set forth facts showing that there is a genuine issue for trial.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393-94 (CA4 1994).  The non-moving party cannot create a genuine issue of material fact through mere speculation.  As stated many years ago, a non-moving party must produce some evidence (more than a scintilla) "upon which [the finder of fact] could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."  *Schuykill and Dauphin Improvement Co. v. Munson*, 81 U.S. 442, 448 (1871) (quoted in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 251).

Exhibits 2 and 3 to the Plaintiffs' Motion for Summary Judgement are copies of Settlement Statements for settlements conducted November 16, 2006, and December 19, 2006, whereby Debtor received cash in the sum of $76,698.00 and $293,914.83, respectively, as a result of refinancing property located at 10000 Ormond Road, Potomac, Maryland.  Debtor, in opposition to the Motions, offers no documentary evidence or other record of the disposition of these funds, limiting her defense to the statement that she gave the funds to her brother who passed away.  There are no cancelled checks, reports of wire transfers, or any other documentation.  Under 11 U.S.C. § 727(a)(5), the court has "broad power to decline to grant a discharge in bankruptcy where the debtor does not adequately explain a shortage, loss, or disappearance of assets."  *In re Martin*, 698 F.2d 883, 886 (CA7 1983); *In re Aoki*, 323 B.R. 803, 817-18 (BAP CA1 2005).  Once the plaintiff establishes a *prima facie* case, the debtor cannot

prevail in the absence of offering credible evidence to explain satisfactorily the loss or deficiency of assets. *Union Bank of the Middle East, Ltd. v. Farouki,* 133 B.R. 769, 777 (B.C. E.D. Va. 1991) ("The explanation must be reasonable and credible so as to satisfy the court that the creditors have no cause to wonder where the assets went"), *aff'd*, *Farouki v. Emirates Bank Int'l Ltd.*, 14 F.3d 244 (CA4 1994). This Debtor encounters the same problem described in the case of *In re Chalik*, 748 F.2d 616 (CA11 1984), in that no documentation whatsoever was presented to corroborate the unverified statements in Debtor's reply to the Gonchigars' motion. *Id*. at 619-20.

Based on consideration of the pleadings, the discovery and disclosure materials on file, and the affidavits and exhibits before the court, the court finds there is no genuine issue as to any material fact and that the Movants are entitled to judgment as a matter of law. An appropriate order will be entered.

cc:
Richard B. Rosenblatt, Esq., 30 Courthouse Square, Suite 302, Rockville, MD 20850
Steven H. Greenfeld, Esq., 7910 Woodmont Avenue, Suite 1103, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**